Robert A. MALONE, Appellant,

v.

The STATE of Texas, State.

No. 2–92–022–CR.

Court of Appeals of Texas, Fort Worth.

Oct. 13, 1993.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Danielle A. Legault, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before FARRIS, LATTIMORE and WEAVER, JJ.

## OPINION

LATTIMORE, Justice.

Robert A. Malone appeals his conviction for aggravated sexual assault of a child where a jury sentenced him to ninety-nine years in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. Malone complains in four points of error that the trial court erred in denying his pre-trial plea of prior jeopardy because the State was estopped from relitigating the same facts found in a prior civil proceeding and the criminal action brought against him was barred by double jeopardy.

We affirm the judgment of the trial court because the criminal action did not subject Malone to double jeopardy and the state is not estopped by collateral estoppel in litigating the facts necessary to the criminal action.

Prior to Malone's criminal prosecution, the Department of Human Services ("DHS") brought a civil proceeding against Malone to terminate his parental rights to his natural daughter, M.M. The mother of the child, Teresa Baley, had executed an irrevocable affidavit of relinquishment of parental rights prior to this lawsuit. In that suit the jury found by clear and convincing evidence that Malone "knowingly placed or knowingly allowed the child, [M.M.], to remain in conditions or surroundings which endangered the physical or emotional well-being of the child, [M.M.]" but failed to find that Malone "engaged in conduct or knowingly placed the child, [M.M.], with persons who engaged in conduct which endangered the physical or emotional well-being of the child, [M.M.]." The jury also found it would not be in the best interest of the child to terminate the parent-child relationship between Malone and M.M., but did find that the appointment of the DHS as managing conservator would be in the best interest of the child. Malone was ordered to pay child support, and was given visitation rights.

In points of error two and four, Malone contends that "[t]he trial court erred in denying the appellant David Malone's special plea of prior jeopardy for the reason that the criminal action was barred as a result of double jeopardy." Thus, Malone contends that "[t]he trial court committed fundamental error in failing to present the issue of prior jeopardy to the jury." Malone argues that the State had brought the same allegations of sexual abuse to trial in the termination suit as are alleged in the indictment, and since the jury found facts adverse to the State in the civil proceeding, i.e., that he had not "engaged in conduct or knowingly placed the child, [M.M.], with persons who engaged in conduct which endangered the physical or emotional well-being of the child," it cannot relitigate those same facts in the criminal proceeding. We disagree with Malone's position. Although no Texas case speaks directly to the issue before us, there is some case law which is instructive.

■ The double jeopardy clauses of the United States and the Texas Constitutions protect against second prosecutions for the same offense after acquittal, second prosecutions for the same offense after conviction and multiple punishments for the same offense. *Jones v. Thomas*, 491 U.S. 376, 380–81, 109 S.Ct. 2522, 2525, 105 L.Ed.2d 322, 330–31 (1989); *Cervantes v. State*, 815 S.W.2d 569, 572 (Tex.Crim.App.1991). Malone's position on double jeopardy appears to be that the State cannot try him for aggravated sexual assault since the State has already suffered an adverse finding on the issue of sexual assault in the termination case. Malone argues that "termination of parental rights is an obvious punitive action against [him]." Therefore, Malone has intermingled two aspects of double jeopardy, a second prosecution after acquittal and multiple punishments. We will first address his claim concerning the termination suit as a prior prosecution, and then his claim that the results of the termination suit was a punishment.

■ Courts in Texas and other jurisdictions have consistently held that only successive criminal prosecutions constitute double jeopardy. *See e.g., Helvering v. Mitchell*, 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917, 922 (1938); *Ex parte Rogers*, 804 S.W.2d 945, 946–47 (Tex.App.—Dallas 1990, no pet.) (civil forfeiture proceeding does not bar a successive criminal prosecution for possession of narcotics); *In the Matter of F.A.*, 835

S.W.2d 748, 749 (Tex.App.—San Antonio 1992, no pet.) (certification of a juvenile as an adult did not serve to bar a later prosecution of a criminal offense, since guilt or innocence is not the subject of the inquiry); *In the Matter of L.R.L.C.*, 693 S.W.2d 552, 553 (Tex. App.—San Antonio 1985, no pet.); *Emory v. Texas State Bd. of Medical Examiners*, 748 F.2d 1023, 1026 (5th Cir.1984) (administrative suspension of medical license is not criminal sanction but merely remedial); *Ayars v. New Jersey Dep't of Corrections*, 251 N.J.Super. 223, 597 A.2d 1084, 1088 (Ct.App.Div.1991) (forfeiture of public employment is not punishment, but removal from a position of trust). Whether the civil proceeding or the criminal prosecution comes first is irrelevant when analyzing a double jeopardy issue. *See Ex parte Rogers*, 804 S.W.2d at 947. Here, the first trial adjudicating the termination of parental rights was in the nature of a civil proceeding, and not a criminal prosecution with the attendant criminal penalties of confinement or fines. Malone does not cite, and we have not found, any case holding that a trial for the termination of parental rights is a criminal proceeding.

"The double jeopardy clause's protection against multiple punishments is triggered only by a sovereign's attempt to *criminally* punish a defendant twice for the same offense." *Id.* at 948 (citing *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 364, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361, 369 (1984)). However, the United States Supreme Court has held that a civil proceeding in certain "rare cases" is punitive for purposes of double jeopardy. *Rogers*, 804 S.W.2d at 948.

> The United States Supreme Court stated: [U]nder the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution.

*United States v. Halper*, 490 U.S. 435, 448–49, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487, 501–02 (1989). In determining whether a civil penalty constitutes punishment, the Supreme Court looked at whether the legislative body intended the sanctions to be civil or criminal. *Rogers*, 804 S.W.2d at 949 (citing *One Assortment of 89 Firearms*, 465 U.S. at 364, 104 S.Ct. at 1105, 79 L.Ed.2d at 369). Second, if the legislature intended the penalty to be civil, then the Court looked further to determine whether the statutory scheme was so punitive in purpose or effect so as to negate that intention. *Id.*

▪ Applying the facts of this case, we hold that Malone's contentions are erroneous. Malone's parental rights were not terminated, but merely restricted as a consequence of the appointment of the DHS as managing conservator. Even if his parental rights had been terminated, we do not believe that this would have constituted a penalty. While a termination suit can result in a parent's loss of his or her legal relationship with the child, the sole goal is the best interest of the child. Applying the rationale in *Halper*, the termination of parental rights is remedial in nature and relates to the State's interest in protecting abused and neglected children, not punishment of the parent. We hold that the termination of parental rights is a civil proceeding with a remedial result, not triggering jeopardy for a subsequent criminal proceeding. Since the special plea was not a valid former jeopardy claim, the trial court was not required to submit the issue to the jury. Points two and four are overruled.

▪ Points one and three go to Malone's collateral estoppel arguments. Constitutional protection against double jeopardy necessarily encompasses the doctrine of collateral estoppel, *Walton v. State*, 831 S.W.2d 488, 490 (Tex.App.—Houston [14th Dist.] 1992, no pet.), though collateral estoppel is a subset of the larger double jeopardy issue. The doctrine of collateral estoppel provides if an issue of ultimate fact has once been determined by a valid and final judgment, the issue cannot again be litigated between the same parties in a future lawsuit. *Sorola v. State*, 769 S.W.2d 920, 924 (Tex.Crim.App. 1989). The doctrine is not to be applied hypertechnically, and requires a reviewing court to examine the record to determine the specific issue that has been foreclosed between the parties. *Ex parte Byrd*, 752 S.W.2d 559, 564 (Tex.Crim.App.1988). How-

ever, collateral estoppel is not available in subsequent litigation of an issue where there is nothing in the record to indicate the basis for a court's prior negative finding. *State v. Groves*, 837 S.W.2d 103, 105 (Tex.Crim.App. 1992).

Malone apparently contends that because the jury failed to find he "engaged in conduct or knowingly placed the child, [M.M.], with persons who engaged in conduct which endangered the physical or emotional well-being of the child, [M.M.]," that the jury necessarily found that he did not sexually abuse M.M., and thus the State cannot relitigate that finding to establish the sexual assault. We disagree. The jury's failure to find that Malone "engaged in conduct ... which endangered the physical or emotional well-being of the child, M.M." does not necessarily encompass a finding that he did not sexually abuse M.M. Absent anything in the record to indicate that the jury's negative finding on one question specifically related to the presence or absence of sexual abuse, collateral estoppel does not preclude further litigation of the issue. Moreover, even if the only evidence of Malone's conduct put on at the termination trial was sexual abuse, we do not have the trial court record before us to make that determination. Points one and three are overruled.

The judgment of the trial court is affirmed.