**Ex parte Mark Thomas ANTHONY.**

**No. 05–96–00308–CR.**

Court of Appeals of Texas, Dallas.

Aug. 9, 1996.

Before MALONEY, WHITTINGTON and HANKINSON, JJ.

## OPINION ON RECONSIDERATION ON PETITION FOR DISCRETIONARY REVIEW

MALONEY, Justice.

The Court's opinion and judgment of June 28, 1996 are vacated. This is now the opinion of the Court.

Mark Thomas Anthony appeals the trial court's denial of his pretrial writ of habeas corpus. In two points of error, appellant asserts the suspension of his driver's license for refusing to take a breath test bars a subsequent prosecution for driving while intoxicated (DWI) under both the United States and Texas Constitutions. Because we conclude the driver's license suspension and the DWI charge are not the "same offense" for double jeopardy purposes, we affirm the trial court's order.

### BACKGROUND

Police arrested appellant on July 24, 1995 for DWI. At the time of his arrest, appellant refused the officer's request to submit to a breath test. As a result, appellant's driver's license was suspended for ninety days. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.10, 1993 Tex. Gen. Laws 3586, 3703 (formerly Tex.Rev.Civ. Stat. Ann. art. 6701*l*–5, § 2(f)) (now codified at Tex. Transp. Code Ann. §§ 724.042–.043 (Vernon Pamph.1996)).

On August 1, 1995, the grand jury indicted appellant for felony DWI that arose out of the same incident. Appellant filed a pretrial application for writ of habeas corpus, alleging that jeopardy barred the prosecution for DWI and requesting that the trial court dismiss the indictment. The trial court denied appellant's application.

### DOUBLE JEOPARDY

#### 1. United States Constitution

In the first point of error, appellant contends the trial court's denial of his application for writ of habeas corpus violated his

J. Craig Jett, Dallas, for appellant.

Michael J. Sandlin, Assistant District Attorney, Dallas, for State.

rights under the Fifth Amendment to the United States Constitution. Specifically, appellant complains he cannot be tried for DWI because he was punished for the instant offense when his license was suspended. We disagree.

### a. Applicable Law

■ The Fifth Amendment to the United States Constitution provides in pertinent part: "[N]or shall any person be subject for the same offense to be twice placed in jeopardy of life or limb...." U.S. CONST. amend. V. This guarantee applies to the states through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). This guarantee protects an accused from: (1) a second prosecution for the same offense following acquittal; (2) a second prosecution for the same offense following conviction; and (3) multiple punishments for the same offense. *United States v. Dixon,* 509 U.S. 688, 694–95, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556 (1993) (citing *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)).

■ To determine whether a prosecution violates the protection against multiple punishments for the same offense, we apply the same-elements test of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under the *Blockburger* same-elements test, the court examines the statutes defining the offenses, and if each statute requires proof of an additional fact that the other does not, then the two offenses are not the same offense. *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182.

■ To suspend a driver's license for failure to give a specimen, the State must establish in an administrative hearing that:

(1) probable cause existed that such person was driving or in actual physical control of a motor vehicle in a public place while intoxicated,

(2) the person was placed under arrest by the officer and was offered an opportunity to give a specimen under the provisions of this Act, and

(3) such person refused to give a specimen upon request of the officer.

Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.10, 1993 Tex. Gen. Laws 3586, 3703 (formerly section 2(f) of article 6701*l*–5 of the Texas Revised Civil Statutes). To obtain a conviction for DWI, the State must establish at trial that: (1) a person, (2) drives or operates, (3) a motor vehicle, (4) in a public place, (5) while intoxicated. TEX. PENAL CODE ANN. § 49.04(a) (Vernon Supp.1996).

### b. Application of Law to Facts

Under the *Blockburger* test, we must determine whether DWI and license suspension are the "same offense" for double jeopardy purposes. Here, we will assume, without deciding, that license suspension is an "offense."

■ Appellant's license was suspended after proof established that (1) probable cause existed to believe he was driving, (2) in a public place, (3) while intoxicated, and (4) he was requested, but refused, to provide a breath sample. Unlike the offense of DWI, the license suspension statute did not require the State prove that the defendant *was* intoxicated before suspending his driver's license. *Cf. Neaves v. State,* 767 S.W.2d 784, 787 & n. 3 (Tex.Crim.App.1989) (holding that actual finding of intoxication is different ultimate fact than officer initially determining that he had probable cause to believe that defendant was driving while intoxicated). Likewise, the DWI statute does not require the State to prove that the defendant refused to give a specimen (an element of subsection 2(f)) to prove that the defendant is guilty of DWI. *See id.* at 785–87; *Walton v. State,* 831 S.W.2d 488, 490–91 (Tex.App.—Houston [14th Dist.] 1992, no pet.).

Because the two statutes each required proof of a fact that the other did not, the offenses here at issue are not the same offenses for double jeopardy purposes. Thus, the trial court properly rejected appellant's argument based on the Fifth Amendment. We overrule appellant's first point of error.

## 2. Texas Constitution

■ In his second point of error, appellant contends article one, section fourteen of the Texas Constitution bars his DWI prosecution as multiple punishment for the same offense. Appellant argues the Texas Double Jeopardy Clause [1] is broader in its protections than its federal counterpart, citing *Bauder v. State,* 921 S.W.2d 696 (Tex.Crim.App.1996). He urges this Court to resurrect the now-defunct "same conduct" test outlined in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).[2]

■ Appellant relies on *Bauder* to support his argument that "any doubts" that the Texas Double Jeopardy Clause is broader than the federal constitution are foreclosed. We disagree.

Before *Bauder,* the court of criminal appeals interpreted the federal and state double jeopardy clauses to be conceptually identical. *See Phillips v. State,* 787 S.W.2d 391, 392 n. 2 (Tex.Crim.App.1990). The *Bauder* court held that the Texas Constitution's double jeopardy protections were "slightly more expansive" than the federal constitution's double jeopardy protections when prosecutorial misconduct prompted a defendant to seek a mistrial. *See Bauder v. State,* 921 S.W.2d at 699. The *Bauder* court did not even suggest that: (1) the Texas Constitution provides greater protections to defendants urging double jeopardy for multiple punishments of the same offense or (2) it intended to invalidate previous case law deciding jeopardy in multiple punishments.

Appellant also argues that we should reinstate the same-conduct test of *Grady.* Even if *Bauder* had expanded the Texas Constitution's jeopardy protection to include all jeopardy issues, we would decline to reinstate

*Grady.* The United States Supreme Court rejected the same-conduct test as confusing, "unworkable," "badly reasoned," "wrong in principle," and "unstable in application." See *Dixon,* 509 U.S. at 710–11, 113 S.Ct. at 2863–64. Instead, the Court revived the 1932 *Blockburger* test as the sole test for determining whether a prosecution violates the protections against multiple prosecutions and multiple punishments.

We will continue to analyze multiple prosecutions under the Texas Constitution's jeopardy clause by the *Blockburger* same-elements test until a higher court instructs us differently. *See Parrish v. State,* 889 S.W.2d 658, 661 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd) (op. on remand).

The Texas Court of Criminal Appeals has held that the same-elements test requires more than a comparison of the statutes; it requires an examination of the charging instruments. *See Parrish v. State,* 869 S.W.2d 352, 354–55 (Tex.Crim.App.1994). The charging instrument for the driver's license suspension alleged:

(1) THAT, on or about 07/24/95 reasonable suspicion to stop [appellant] or probable cause to arrest [appellant] existed.

(2) THAT, on or about 07/24/95 probable cause existed that [appellant] was driving or in actual physical control of a motor vehicle in a public place while intoxicated.

(3) THAT, on or about 07/24/95 [appellant] was placed under arrest and was offered an opportunity to give a specimen of breath or blood under the provisions of Article 67011–5, V.T.C.S.

(4) THAT, on or about 7/24/95 [appellant] refused to give a specimen on request of the officer.

---

1. The Texas Constitution provides that "[n]o person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." Tex. Const. art. I, § 14. Thus, like the federal constitution, our state constitution protects against multiple punishments for the same offense. *Ex parte Kopecky,* 821 S.W.2d 957, 958 (Tex.Crim.App.1992); *Ex parte Lowery,* 886 S.W.2d 827, 828 (Tex.App.—Dallas 1994, pet. ref'd) (op. on pet. for discretionary rev.).

2. The *Grady* court held that in addition to the *Blockburger* test, a subsequent prosecution had to satisfy a same-conduct test to avoid the double jeopardy bar. That same-conduct test provided that, "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted," a second prosecution was barred. *Grady,* 495 U.S. at 510, 110 S.Ct. at 2087.

The indictment in appellant's felony DWI case alleged: (1) appellant; (2) unlawfully drove and operated; (3) a motor vehicle; (4) in a public place, to-wit: a street and highway; (5) while intoxicated. Appellant allegedly committed the DWI offense in his car on the street before he was arrested. He violated article 6701*l*–5 at the police station after his arrest when he refused to submit a sample of his breath. The two offenses are not the same under the *Parrish* test. Because each offense requires proof of an element that the other does not, we overrule appellant's second point of error.

We affirm the trial court's order.