**Ex parte Gary Wayne POPLIN.**

No. 05–96–00892–CR.

Court of Appeals of Texas, Dallas.

Sept. 23, 1996.

J. Craig Jett, Dallas, for Appellant.

Sue Korioth, Assistant District Attorney, Dallas, for State.

Before THOMAS, C.J., and MALONEY and HANKINSON, JJ.

## OPINION

HANKINSON, Justice.

Gary Wayne Poplin appeals the denial of his application for writ of habeas corpus by which he raised double jeopardy as a plea in bar of prosecution for driving while intoxicated (DWI). In three points of error, appellant asserts the trial court erred in denying his application for writ of habeas corpus because the DWI prosecution was barred by the double jeopardy and collateral estoppel prohibitions of the Fifth Amendment to the United States Constitution and the double jeopardy prohibition of article one, section fourteen of the Texas Constitution. We affirm the trial court's order denying appellant's application for writ of habeas corpus.

## FACTS

Garland Police Officer K.R. Keith testified at the hearing on appellant's application for writ of habeas corpus. He said that on August 2, 1995, he was on patrol shortly before 9:00 p.m. He noticed a vehicle driving towards him. The driver of the vehicle stopped it in the middle of the road and turned off the headlights. The vehicle then began moving forward again. Keith pulled his patrol car as far to the right as he could because the vehicle was taking up more than its share of the right-of-way. Keith allowed the vehicle to pass, then made a U-turn to follow it. Keith testified that the driver of the vehicle, identified as appellant, failed to stop for Keith. Rather, appellant continued driving for about half-a-mile until he pulled the car into his own driveway. Keith pulled in behind appellant and approached his car. After administering appellant a field sobriety test, Keith arrested appellant for DWI. During a search of appellant's car incident to the arrest, Keith found a "locked and cocked" .45–caliber pistol near the driver's seat. Keith left appellant's car in the custody of appellant's wife.

At the police station, Keith read, and appellant signed, the statutory DWI warning. Appellant agreed to take an intoxilyzer test.

The results, as alleged in Keith's probable cause affidavit, showed an alcohol concentration of at least .22.

The Texas Department of Public Safety brought license suspension proceedings against appellant. On September 26, 1995, an administrative law review (ALR) hearing was held on the petition to suspend appellant's driver's license. The ALR judge found that: (1) there was reasonable suspicion to stop appellant; (2) probable cause existed that appellant was intoxicated while driving a motor vehicle; (3) appellant was driving or in control of a motor vehicle with an alcohol concentration of .227 grams of alcohol per 210 liters of breath; and (4) appellant was placed under arrest and was properly asked to take a breath alcohol concentration (BAC) test as demonstrated by the Department's statutory warning form.

However, the ALR judge further found "[t]he Department did not prove, by a preponderance of the evidence that: the Defendant was driving or in physical control of a motor vehicle in a public place when the events occurred that gave the officer reasonable suspicion to stop." The ALR judge concluded that the evidence was insufficient to establish all the elements of the Department's case by a preponderance of the evidence. The ALR judge's order denied the Department's petition and stated that the Department was not authorized to suspend or prohibit appellant's license.

Appellant was charged by information with driving while intoxicated. Appellant filed an application for writ of habeas corpus, alleging that the DWI prosecution was barred by the double jeopardy and collateral estoppel prohibitions of the Fifth Amendment and the double jeopardy prohibition of the Texas Constitution. Following a hearing, the trial court denied appellant's application for writ of habeas corpus. This appeal followed.

## DOUBLE JEOPARDY

In his first point of error, appellant complains the trial court erred in denying his application for writ of habeas corpus because his prosecution for DWI was barred by the double jeopardy prohibition of the Fifth Amendment. In his third point of error, appellant contends the trial court erred in denying his application for writ of habeas corpus because the DWI prosecution was barred by the double jeopardy prohibition of article one, section fourteen of the Texas Constitution. Appellant asserts that the Texas Constitution's double jeopardy prohibition is broader than that contained in the Fifth Amendment.

■ The Fifth Amendment to the United States Constitution provides: "nor shall any person be subject for the same offense to be twice placed in jeopardy of life or limb...." U.S. CONST. amend. V. Article one, section fourteen of the Texas Constitution provides: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art. I, § 14. Encompassed within the double jeopardy prohibitions are three guarantees: (1) protection against a second prosecution following acquittal; (2) protection against a second prosecution following conviction; and (3) protection against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Cervantes v. State,* 815 S.W.2d 569, 572 (Tex. Crim.App.1991), *cert. denied,* 502 U.S. 1110, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992); *Malone v. State,* 864 S.W.2d 156, 158 (Tex. App.—Fort Worth 1993, no pet.).

### Prosecution Following Acquittal

As part of his first point of error, appellant asserts that the ALR judge's denial of the license suspension constituted an acquittal. Therefore, he asserts, the State is barred from prosecuting him for the DWI offense.

■ A person is in legal jeopardy when he is put on trial, before a court of competent jurisdiction, upon an indictment or information sufficient in form and substance to sustain a conviction. *Davenport v. State,* 574 S.W.2d 73, 75 (Tex.Crim.App.1978). Both the United States Supreme Court and Texas courts have held that only successive criminal prosecutions implicate double jeopardy prohibitions. *See, e.g., Helvering v. Mitchell,* 303

U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938) (income tax deficiency assessment not barred by earlier acquittal on tax evasion charge); *Malone*, 864 S.W.2d at 159 (civil parental termination proceeding does not bar successive criminal prosecution for aggravated sexual assault); *In re F.A.*, 835 S.W.2d 748, 749 (Tex.App.—San Antonio 1992, no writ) (juvenile certification hearing does not bar subsequent criminal prosecution).

■ Article 6687b-1 of the Texas statutes provides the mechanism for administratively suspending the driver's license of a person arrested for driving while intoxicated after that person has submitted to an intoxilyzer test.[1] ALR proceedings under section 6687b-1 are not criminal prosecutions. They are not based upon a criminal indictment or information. Because ALR proceedings are administrative in nature, we hold that the double jeopardy protections of the United States and Texas constitutions do not apply to the results of an ALR hearing so as to bar a subsequent DWI prosecution arising from the same incident. *See Davenport*, 574 S.W.2d at 75; *Malone*, 864 S.W.2d at 159.

### Multiple Punishments

Appellant's second complaint under his first point of error is that he has been put in jeopardy of being twice punished for the same offense. Appellant asserts, therefore, that the DWI prosecution is barred.

■ In analyzing a multiple punishment complaint, we apply a two-prong test. First, we consider whether an administrative license suspension and DWI constitute the same offense. Second, we decide whether an administrative license suspension constitutes punishment. This Court has already held that an administrative license suspension based upon a defendant's refusal to take an intoxilyzer test is not the same offense as DWI under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See Ex parte Anthony*, 931 S.W.2d 664 (Tex.App.—Dallas 1996, pet. filed) (op. on reconsideration on PDR). Assuming,

without deciding, that an administrative license suspension based upon the results of an intoxilyzer test and DWI constitute the same offense, we hold that an administrative license suspension is not punishment for purposes of double jeopardy.

■ Legislatures may impose both a criminal and a civil sanction in respect to the same act or omission. *United States v. Ursery*, —— U.S. ——, ——, 116 S.Ct. 2135, 2149, 135 L.Ed.2d 549 (1996). However, a civil sanction may, in some instances, constitute punishment so as to implicate double jeopardy prohibitions. *See United States v. Halper*, 490 U.S. 435, 447–48, 109 S.Ct. 1892, 1901–02, 104 L.Ed.2d 487 (1989). In determining whether a sanction constitutes punishment, we do not rely on the labels "criminal" or "civil." *Id.* at 447, 109 S.Ct. at 1901. Rather, we must conduct a particularized assessment of the penalty imposed and the purposes the penalty may fairly be said to serve. *Id.* at 448, 109 S.Ct. at 1901.

■ Punishment serves the twin aims of deterrence and retribution. *Id.* Thus, a civil sanction that may not be fairly characterized as remedial, but only as a deterrent or retribution, constitutes punishment for purposes of double jeopardy. *See id.* However, the fact that a civil sanction may have a deterrent purpose does not, in itself, make it punishment. *See Department of Revenue v. Kurth Ranch*, 511 U.S. 767, ——, 114 S.Ct. 1937, 1947, 128 L.Ed.2d 767 (1994). Further, in determining whether a sanction is punishment, we do not view it from the defendant's perspective. *See Halper*, 490 U.S. at 447 n. 7, 109 S.Ct. at 1901 n. 7; *Kurth Ranch*, 511 U.S. at —— n. 14, 114 S.Ct. at 1945 n. 14. Even remedial sanctions can carry the sting of punishment. *Halper*, 490 U.S. at 447 n. 7, 109 S.Ct. at 1901 n. 7; *Kurth Ranch*, 511 U.S. at ——, n. 14, 114 S.Ct. at 1945 n. 14.

■ A driver's license is a privilege, not a right. *See Texas Dep't of Pub. Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex.1985); *Ex*

---

1. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3516, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, §§ 1, 24, 1995 Tex. Gen. Laws 1024, 1870-

71 (codified at Tex. Trans. Code Ann. §§ 524.001–.025 (Vernon Supp. Pamph.1996)). For purposes of this opinion, we will refer to the statute as article 6687b-1.

*parte Tharp,* 912 S.W.2d 887, 890 (Tex. App.—Fort Worth 1995, pet. granted). The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires only that a hearing be held before revocation of a driver's license. *Tharp,* 912 S.W.2d at 890.

License revocations have traditionally not been found to be punitive in nature. *See Helvering,* 303 U.S. at 399, 58 S.Ct. at 633. Texas courts have consistently held that revocations and suspensions of driver's licenses are not intended to be punishment, but are designed solely to protect the public against careless and incompetent drivers. *See Texas Dep't of Pub. Safety v. Richardson,* 384 S.W.2d 128, 132 (Tex.1964); *Ex parte Arnold,* 916 S.W.2d 640, 640 (Tex.App.—Austin 1996, pet. filed).

In support of his argument that the administrative suspension is punishment and not remedial, appellant points to the following: (1) the suspension does not go into effect until forty days after the accused is served with notice of the suspension; (2) the suspension is only ninety days in length if it is based upon refusal to submit to an intoxilyzer test, thereby giving little public protection; (3) part of the punishment for DWI is license suspension; (4) a $100 reinstatement fee is charged to have the license restored; and (5) the only persons subject to the suspension are those who are charged with the criminal offense of DWI. Appellant also points to excerpts of legislative history to support his argument that administrative license suspensions are punishment.

The Fort Worth Court of Appeals addressed some of these same complaints in *Tharp.* Although the court recognized the merit of some of Tharp's complaints, it held that an administrative license suspension was not punishment for purposes of double jeopardy. *See Tharp,* 912 S.W.2d at 894.

We agree with the Fort Worth court. An administrative license suspension under article 6687b–1 may have some punitive aspects to it, and the legislature, while labeling it a civil sanction, may have intended the suspension to have the sting of punishment. However, the test we apply is not whether an administrative license suspension serves only a remedial purpose. A civil sanction might have a deterrent purpose. *See Kurth Ranch,* 511 U.S. at ——, 114 S.Ct. at 1947.[2] Further, a statute that has certain punitive aspects may serve important nonpunitive goals. *See Ursery,* —— U.S. at ——, 116 S.Ct. at 2148 (discussing civil forfeitures under 21 U.S.C. §§ 881(a)(6), (7) & 18 U.S.C. § 981(a)(1)(A)). Finally, even remedial sanctions can carry the sting of punishment. *Halper,* 490 U.S. at 447 n. 7, 109 S.Ct. at 1901 n. 7; *Kurth Ranch,* 511 U.S. at —— n. 14, 114 S.Ct. at 1945 n. 14.

The test we apply is whether the civil sanction is so removed from the purposes of standard revocation statutes as to constitute punishment. *See Kurth Ranch,* 511 U.S. at ——, 114 S.Ct. at 1948. Administrative license suspensions under article 6687b–1 serve the remedial purpose of providing a more immediate procedure for protecting the public from those who engage in the harmful and potentially fatal conduct of driving while intoxicated. *See Arnold v. State,* 920 S.W.2d 704, 716–18 (Tex.App.—Houston [1st Dist.] 1996, pet. filed); *Ex parte Arnold,* 916 S.W.2d at 640; *Tharp,* 912 S.W.2d at 894; *cf.* TEX. TRANS. CODE ANN. § 523.002 (Vernon Supp. Pamph.1996) (safety of streets and highways materially affected by degree of compliance with state law and local ordinances relating to operation of motor vehicles and violation of such law or ordinance is evidence that violator engages in conduct likely to endanger safety of persons and property).[3] Although arguably not perfect, we conclude the goal of article 6687b–1

**2.** We note that in *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the Supreme Court quoted language from *Halper* that stated a civil sanction must only serve a remedial purpose. However, *Austin* dealt with the excessive fines prohibition of the Eighth Amendment, not double jeopardy. *See Ursery,* —— U.S. at ——, 116 S.Ct. at 2147. A sanction that is excessive for purposes of the Eighth Amendment is not necessarily so punitive as to constitute punishment for purposes of double jeopardy. *Id.*

**3.** The Driver's License Compact of 1993 did not change in substance when it was codified in the Texas Transportation Code.

is not so removed from the standard purpose of revocation statutes as to constitute punishment for purposes of double jeopardy. *See Tharp,* 912 S.W.2d at 894.[4]

We overrule appellant's first point of error.

### Texas Constitution

■ In his third point of error, appellant asserts that the Texas Constitution provides greater protection against double jeopardy than the federal constitution. Appellant relies on *Bauder v. State,* 921 S.W.2d 696 (Tex. Crim.App.1996), to support his argument. This Court has already declined to extend *Bauder* to double jeopardy multiple punishment complaints. *See Ex parte Anthony,* 931 S.W.2d at 667. We will analyze these complaints in the same way we analyze them under the federal constitution. *See id.; see also Stephens v. State,* 806 S.W.2d 812, 814–15 (Tex.Crim.App.1990), *cert. denied,* 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991); *Arnold,* 920 S.W.2d at 707.

Appellant also asserts that this Court should apply the standard found in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), *overruled by United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), in analyzing his double jeopardy claim under the Texas Constitution. He argues that under *Grady,* the State is barred from prosecuting the DWI case because it has to prove the same conduct it had to prove in the ALR proceeding. This Court has already rejected *Grady* as the analysis to be used in applying the Texas Constitution's double jeopardy prohibition. *See Ex parte Anthony,* 931 S.W.2d at 667. Rather, we held that we will continue to analyze double jeopardy same-offense claims under the Texas Constitution in the same way we analyze claims under the Fifth Amendment. *Id.*

We overrule appellant's third point of error.

### COLLATERAL ESTOPPEL

In his second point of error, appellant asserts the trial court erred in denying his application for writ of habeas corpus because the State was collaterally estopped from relitigating facts previously found against it. Appellant specifically argues that the ALR judge finally decided the fact that appellant was driving or in physical control of the motor vehicle in a public place while intoxicated against the State.

■ This Court has previously held that criminal collateral estoppel does not arise from an administrative license suspension proceeding conducted in justice court. *See State v. Brabson,* 899 S.W.2d 741, 745 (Tex. App.—Dallas 1995, pet. granted); *Burrows v. Texas Dep't of Pub. Safety,* 740 S.W.2d 19, 20–21 (Tex.App.—Dallas 1987, no pet). We likewise hold that criminal collateral estoppel does not arise from administrative license suspension proceedings conducted by an ALR judge. We overrule appellant's second point of error.

We affirm the trial court's order denying appellant's application for writ of habeas corpus.

---

4. We note that the Houston First District court held that an administrative license suspension under section 6687b–1 was at least "partly punitive/deterrent" under *Halper. See Arnold,* 920 S.W.2d at 716. However, the court then declined to extend *Halper* so far as to conclude that double jeopardy prohibited both the suspension and the DWI prosecution. *Id.* at 718. Because *Arnold* reached the same conclusion we reach, we need not address the Houston court's analysis of *Halper.*