James Howard JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 14–96–01170–CR, 14–96–01171–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 21, 1999.

Kristine C. Woldy, Houston, for appellant.

William J. Delmore, III, Houston, for appellee.

Panel consists of Justices YATES, MAURICE E. AMIDEI, and FOWLER.

## OPINION ON REMAND

FOWLER, Justice.

In a previous opinion, we affirmed the convictions of appellant, James Howard Johnson, for attempted capital murder and aggravated assault. *See Johnson v. State,* 983 S.W.2d 800, 803 (Tex.App.—Houston [14th Dist.] 1998). Appellant filed a petition for discretionary review, and on May 12, 1999, the Texas Court of Criminal Appeals vacated our judgment and remanded the cause to us for reconsideration in light of *Ex parte Ervin,* 991 S.W.2d 804 (Tex. Crim.App.1999), issued after our original opinion. Based on *Ervin,* we vacate the trial court's judgment as to the aggravated assault offense and affirm the judgment on the offense of attempted capital murder.

 In our previous opinion, we stated that aggravated assault and attempted capital murder were the same offense for double jeopardy purposes. *See Johnson,* 983 S.W.2d at 802. However, we concluded that a double jeopardy violation would only occur if appellant were tried in a separate trial for each of these offenses and his sentences were imposed consecutively. *See id.* We concluded that a double jeopardy violation did not occur because appellant was tried for both offenses in the same trial and the trial court imposed concurrent sentences. *See id.* But, in light of *Ervin,* we now modify our previous decision and conclude that a double jeopardy violation occurred. *See Ervin,* 991 S.W.2d at 817. In *Ervin,* the court stated, "A double jeopardy violation occurs even when, as in this case, the sentences were concurrent." *Id.* Based on this case, we conclude that a double jeopardy violation occurred and that the trial court imposed multiple punishments for the same offense.

To remedy this situation, appellant argued that we must reverse in his favor and order a new trial. However, a new trial is not the proper remedy for the imposition of multiple punishments for the same offense. The proper remedy for the imposition of multiple punishments for the same offense is to affirm the judgment in the cause involving the most serious offense and to set aside the conviction for the lesser offense. *See Ex parte Pena,* 820 S.W.2d 806, 808–810 (Tex.Crim.App.1991); *Johnson v. State,* 903 S.W.2d 496, 499 (Tex.App.—Fort Worth 1995, no pet.). Thus, we vacate Johnson's conviction for aggravated assault and affirm his conviction for attempted capital murder.