TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00479-CR







John Allen Reyner, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 97-241, HONORABLE JACK H. ROBISON, JUDGE PRESIDING







 Appellant John Allen Reyner was convicted of intoxication manslaughter and
aggravated assault. See Tex. Penal Code Ann. §§ 49.08(a)(1)(2); 22.01(a)(1), .02(a)(2) (West
1994 & Supp. 2000). The jury assessed appellant's punishment for intoxication manslaughter at
imprisonment for fourteen years and a fine of $5,000. The jury assessed appellant's punishment
for aggravated assault at imprisonment for ten years and a fine of $4,000. For the offense of
aggravated assault, the jury recommended that the imposition of sentence be suspended and that
appellant be placed on community supervision.

 Appellant asserts that the trial court erred by authorizing the jury to return multiple
verdicts for the same offense in violation of his federal and state constitutional rights. See U.S.
Const. amend. V, XIV; Tex. Const. art. I, § 14; Ex parte Ervin, 991 S.W.2d 804, 817 (Tex.
Crim. App. 1999). We will vacate the conviction for aggravated assault and will affirm the
conviction for intoxication manslaughter.

 The State agrees that the error asserted was preserved for appellate review and that
Ex parte Ervin controls our disposition of the appeal. Ex parte Ervin holds that intoxication
manslaughter and manslaughter committed by reckless conduct are the same offense for double
jeopardy purposes when they involve the same victim, and that conviction and punishment for
both violates the double jeopardy clause. See Ex parte Ervin, 991 S.W.2d at 817.

 In count two of the indictment, it was alleged:


 JOHN ALLEN REYNER, hereinafter styled Defendant, on or about the
22nd day of June 1997, and before the presentment of this indictment, in the
County and State aforesaid, did then and there recklessly cause bodily injury to
Theresa Yolanda Rangel, to-wit: and Defendant while operating a motor vehicle
upon a public road, did then and there drive said vehicle into an oncoming lane of
traffic, thereby causing said vehicle to collide with a motor vehicle driven by the
said Theresa Yolanda Rangel, thereby causing the death of the said Theresa
Yolanda Rangel, and said Defendant, during the commission of said offense, did
then and there use and exhibit a deadly weapon, to wit: a Mazda truck, that in the
manner of its use and intended use was capable of causing death and serious bodily
injury.



The jury was instructed that count two charged appellant with aggravated assault, and the jury
found appellant guilty of that offense. However, in count two, appellant was charged with both
aggravated assault and manslaughter for the same reckless act. The duplicitous pleading of
aggravated assault and manslaughter in count two and intoxication manslaughter charged in count
one all involving the same victim are for double jeopardy purposes the same offense. See Ex
parte Ervin, 991 S.W.2d 804, 817 (Tex. Crim App. 1999). Therefore, appellant can only be
punished for one offense.

 In his reply brief, appellant correctly asserts that the "only issue is the appropriate
appellate remedy in the face of two convictions, both of which cannot stand." Appellant insists
that the proper remedy is to reverse the judgment for "both convictions and remand the cause to
the trial court for a new trial." On the other hand, the State urges that the "proper remedy for
a multiple punishment violation of double jeopardy is to affirm the conviction for the offense
which results in the most serious punishment, and to vacate any remaining convictions for offenses
that are the same for double jeopardy purposes." In support of its argument, the State cites Ex
parte Ervin, and Landers v. State, 957 S.W.2d 558, 559-61 (Tex. Crim. App. 1997).

 The Supreme Court has held that when a defendant is convicted in a single criminal
action of two offenses that are the same for double jeopardy purposes, the remedy is to vacate one
of the convictions. See Ball v. United States, 470 U.S. 856, 864-65 (1985). (1) The Supreme Court
did not specify which conviction should be vacated, indicating that it did not matter for double
jeopardy purposes which conviction was vacated. See id.; Landers, 957 S.W.2d at 559. "Which
conviction to vacate, therefore, is a question of State law." Id.

 After extensive analysis in Landers, the Court of Criminal Appeals affirmed a court
of appeals judgment stating:

We find that the kinds of policy reasons announced above favor adoption of what
we can call the "most serious punishment" test. That test requires retaining the
offense with the most serious punishment and vacating any remaining offenses that
are the "same" for double jeopardy purposes. The "most serious punishment" is
the longest sentence imposed.



Landers, 957 S.W.2d at 560.

 In Ex parte Ervin, the Court of Criminal Appeals granted the applicant relief and
directed "the trial court to vacate the manslaughter conviction while retaining the conviction for
intoxication manslaughter." Ex parte Ervin, 991 S.W.2d at 817; see also Johnson v. State, 6
S.W.3d 323, 324 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd).

 Appellant urges "that the Texas Constitution's double jeopardy provision is and
should be independent of the federal counterpart. This provision has never been placed in
lockstep with federal rationales and continues to be interpreted in an independent fashion. See
Bauder v. State, 921 S.W.2d 696 (Tex. Crim. App. 1996)." It has repeatedly been said that
conceptually the state and federal double jeopardy provisions are identical. See Stephens v. State,
806 S.W.2d 812, 815 (Tex. Crim. App. 1991); Phillips v. State, 787 S.W.2d 391, 393 n.2 (Tex.
Crim. App. 1990); Blessing v. State, 927 S.W.2d 310, 312 (Tex. App.--Houston [1st Dist.] 1996,
no pet.). The Fifth Court of Appeals in disposing of a contention similar to that appellant makes
here stated:


 Appellant relies on Bauder to support his argument that "any doubts" that
the Texas Double Jeopardy Clause is broader than the federal constitution are
foreclosed. We disagree.


 Before Bauder, the court of criminal appeals interpreted the federal and
state double jeopardy clauses to be conceptually identical. See Phillips v. State,
787 S.W.2d 391, 392 n. 2 (Tex. Crim. App. 1990). The Bauder court held that
the Texas Constitution's double jeopardy protections were "slightly more
expansive" than the federal constitution's double jeopardy protections when
prosecutorial misconduct prompted a defendant to seek a mistrial. See Bauder v.
State, 921 S.W.2d at 699. The Bauder court did not even suggest that: (1) the
Texas Constitution provides greater protections to defendants urging double
jeopardy for multiple punishments of the same offense or (2) it intended to
invalidate previous case law deciding jeopardy in multiple punishments.



Ex parte Anthony, 931 S.W.2d 664, 667 (Tex. App.--Dallas 1996, pet. ref'd). We agree with the
quoted part of Ex parte Anthony.

 We have considered appellant's arguments, but will not elongate our opinion
because we must follow the Court of Criminal Appeals' opinions in Landers and Ex parte Ervin. 
We vacate the count two conviction for aggravated assault and affirm the count one conviction for
intoxication manslaughter.



 

 Carl E. F. Dally, Justice

Before Justices Kidd, B. A. Smith and Dally*

Affirmed in Part; Vacated in Part

Filed: August 10, 2000

Do Not Publish



* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. As a formerly convicted felon, Ball was charged with and convicted of both receiving
a firearm and of possessing the same firearm. He had been "sentenced to consecutive terms of
three years' imprisonment on the receipt count and two years' imprisonment on the possession
count, the latter sentence with two years' probation." Ball v. United States, 470 U.S. 856, 858
(1985).



ence imposed.



Landers, 957 S.W.2d at 560.

 In Ex parte Ervin, the Court of Criminal Appeals granted the applicant relief and
directed "the trial court to vacate the manslaughter conviction while retaining the conviction for
intoxication manslaughter." Ex parte Ervin, 991 S.W.2d at 817; see also Johnson v. State, 6
S.W.3d 323, 324 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd).

 Appellant urges "that the Texas Constitution's double jeopardy provision is and
should be independent of the federal counterpart. This provision has never been placed in
lockstep with federal rationales and continues to be interpreted in an independent fashion. See
Bauder v. State, 921 S.W.2d 696 (Tex. Crim. App. 1996)." It has repeatedly been said that
conceptually the state and federal double jeopardy provisions are identical. See Stephens v. State,
806 S.W.2d 812, 815 (Tex. Crim. App. 1991); Phillips v. State, 787 S.W.2d 391, 393 n.2 (Tex.
Crim. App. 1990); Blessing v. State, 927 S.W.2d 310, 312 (Tex. App.--Houston [1st Dist.] 1996,
no pet.). The Fifth Court of Appeals in disposing of a contention similar to that appellant makes
here stated:


 Appellant relies on Bauder to support his argument that "any doubts" that
the Texas Double Jeopardy Clause is broader than the federal constitution are
foreclosed. We disagree.


 Before Bauder, the court of criminal appeals interpreted the federal and
state double jeopardy clauses to be conceptually identical. See Phillips v. State,
787 S.W.2d 391, 392 n. 2 (Tex. Crim. App. 1990). The Bauder court held that
the Texas Constitution's double jeopardy protections were "slightly more
expansive" than the federal constitution's double jeopardy protections when
prosecutorial misconduct prompted a defendant to seek a mistrial. See Bauder v.
State, 921 S.W.2d at 699. The Bauder court did not even suggest that: (1) the
Texas Constitution provides greater protections to defendants urging double
jeopardy for multiple punishments of the same offense or (2) it intended to
invalidate previous case law deciding jeopardy in multiple punishments.



Ex parte Anthony, 931 S.W.2d 664, 667 (Tex. App.--Dallas 1996, pet. ref'd). We agree with the
quoted part of Ex parte Anthony.

 We have considered appellant's arguments, but will not elongate our opinion
because we must follow the Court of Criminal Appeals' opin