**Opinion issued February 27, 2013**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――

## NO. 01-13-00941-CR

―――――――――――――

## EX PARTE ARLENE ALANIZ

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1403221**

## MEMORANDUM OPINION

On June 14, 2013, appellant, Arlene Alaniz, was indicted on the felony charge of injury to a child by omission as to her child, J.A.. *See* TEX. PENAL CODE ANN. § 22.04 (West Supp. 2013). The indictment was filed in conjunction with ongoing parental rights termination proceedings. On July 29, 2013, Alaniz's parental rights were terminated as to J.A. and another child, G.A., in cause

numbers 2008-39339 and 2007-20638 in the 309th Judicial District Court for Harris County. Alaniz filed an application for a writ of habeas corpus in her felony case, contending that criminal prosecution for the same acts which caused her parental rights to be terminated constituted double jeopardy. The trial court held a hearing and denied the application for writ on October 23, 2013. Alaniz timely filed a notice of appeal. *See* TEX. R. APP. P. 26.2(a)(1), 31.1. We affirm.

## Standard of Review

We review a trial court's ruling on a pretrial writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In conducting this review, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664; *Washington*, 326 S.W.3d at 704.

## Analysis

In her sole issue on appeal, Alaniz contends that criminal prosecution for injury to a child after the State has obtained termination of her parental rights as to that child based on the same conduct violates federal and state constitutional prohibitions against successive punishments for the same offense. *See* U.S. CONST. amend. V; Tex. CONST. art. I, § 14. We disagree.

2

Termination of parental rights is not a punitive criminal measure; it is a civil action, remedial in nature, designed to protect the health, safety, and welfare of children. *See Perez v. State*, 261 S.W.3d 760, 770 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *Malone v. State*, 864 S.W.2d 156, 159 (Tex. App.—Fort Worth 1993, no pet.). The focus of a termination proceeding is not punishment, but rather the best interests of the child. *See Malone*, 864 S.W.2d at 159. Termination of parental rights does not estop the State from pursuing criminal prosecution for the same acts which led to the termination. *Id.*

## Conclusion

The trial court did not abuse its discretion in denying the writ of habeas corpus filed by Alaniz.

We affirm the judgment.

## PER CURIAM

Panel consists of Justices Keyes, Bland and Brown.
Do not publish. TEX. R. APP. P. 47.2(b).